---

(No. 15151.—Reversed and remanded.)
OSCAR W. SCHNEIDER, Defendant in Error, *vs.* OTTO NEU-
BERT *et al.* Plaintiffs in Error.

*Opinion filed April 18, 1923.*

1. CONTRACTS—*when extrinsic evidence may be received to determine the meaning of contract.* Where the court, on preliminary examination, has determined that a contract is ambiguous or incomplete, extrinsic evidence, including evidence of the acts and conduct of the parties tending to show their interpretation of the contract, is admissible to ascertain its true intent and meaning.

2. SAME—*when the court must determine meaning of contract.* The meaning of the language of a written contract is a question of fact, but if the words employed can be given but one meaning, which is so clear that no reasonable man could reach more than one conclusion, it is the duty of the court to decide the question of fact for itself.

3. SAME—*instruction should not bind jury to one interpretation of contract which is ambiguous.* Where the court is unable to determine the meaning of a written contract and it is necessary to receive extrinsic evidence to determine what the contract is, the court, if such evidence is contradictory, should submit the question of fact to the jury under proper alternative instructions as to the construction to be given to the contract in the event of each possible finding of fact; and it is error to give an instruction binding the jury to give the contract the construction which the conduct of the parties tends to show was intended.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Henry county; the Hon. EMERY C. GRAVES, Judge, presiding.

THOMAS J. WELCH, for plaintiffs in error.

STURTZ & EWAN, for defendant in error.

Mr. CHIEF JUSTICE THOMPSON delivered the opinion of the court:

Plaintiffs in error employed defendant in error to construct a two-story garage in Kewanee in accordance with plans and specifications prepared by an architect, defendant in error agreeing to "use his best ability to get all materials and labor at the least possible cost for the construction of said building," and plaintiffs in error agreeing to pay "for the performance of the contract the total net cost of labor and materials plus ten per cent commission on same." The contract sets out in some detail the obligations of defendant in error under the contract, including the requirement that the "contractor shall maintain such insurance as will protect the owners from claims for damages for personal injuries." Defendant in error provided such insurance, and October 4, 1921, shortly after the completion of the building, he submitted an itemized statement of his account, and there appeared among the items this one, "To liability, $923.22," which the parties all understand to be the amount of the premium paid for employer's liability insurance. Plaintiffs in error received the statement and made no objection to their liability for this item for several months. Nearly a year later, plaintiffs in error having refused to pay this and other smaller items, defendant in error brought this action in the circuit court of Henry county and secured a verdict and judgment for $1089.03. This

judgment was affirmed by the Appellate Court, and the cause is here on *certiorari.*

Plaintiffs in error contend that defendant in error was to "bear the expense of" the liability insurance, and the latter contends that he was to "provide for" such insurance at the expense of plaintiffs in error. For the reason that the word "maintain" has many different meanings, and for the further reason that the association of the clause in dispute with other clauses in the contract renders the true intent of the parties uncertain, the meaning of the word is ambiguous, and the court properly received evidence of extrinsic facts and circumstances for the purpose of clarifying the meaning. Under this state of the record the trial court gave to the jury the following instruction:

"The court instructs you as a matter of law that while it is true that in a contract where the intention of the parties can be gathered from the writing itself parol evidence will not be received, still where the terms of a written contract are uncertain and ambiguous and the language employed leaves the meaning of the contract in doubt, as in 'Plaintiff's exhibit 1,' then oral testimony may be received to explain it, to enable the jury to understand the true meaning of the parties as to such uncertain and ambiguous terms; and in this case, if you believe from a preponderance of the evidence that both the plaintiff and the defendants, by their acts and conduct, during the performance of said contract, construed and treated the same as imposing the legal duty upon the defendants to pay the premium for compensation and liability insurance taken out by the plaintiff for the protection of the defendants against damages for personal injuries to workmen employed in the construction of said building and injuries to the public therefrom, then the jury is bound by the construction put upon the contract by the parties themselves, and the defendants must be held liable to the plaintiff for such premiums in this suit."

This instruction is clearly erroneous. Neither the court nor the jury is "bound by the construction put upon the contract by the parties." Where the language of a written instrument is ambiguous or indefinite, the practical interpretation of the parties may be proved and is often entitled to great weight in arriving at the true intention. (*Armstrong Paint and Varnish Works* v. *Continental Can Co.* 301 Ill. 102; Thompson on Trials,—2d ed.—sec. 1081.) The reason underlying this rule is manifest. It is the duty of the court to give effect to the intention of the parties where it is not wholly at variance with the correct legal interpretation of the terms of the contract, and a practical construction placed by the parties upon the contract is the best evidence of their intention. Courts have a right to assume that the parties know best what they meant, and if, in reducing their agreement to writing, words or terms have been used that render the contract ambiguous or uncertain, the construction by the parties thereto, as shown by their acts thereunder, cannot help but be of value in ascertaining the true intent and meaning of such contract. (*Sholl Bros.* v. *Peoria and Pekin Union Railway Co.* 276 Ill. 267; 2 Elliott on Contracts, sec. 1537.) Before the practical construction given the contract by the parties or evidence of other extrinsic facts is admissible the court must determine that the contract is ambiguous or incomplete. The meaning of language is always a question of fact, but if the words employed can be given but one meaning, if the meaning is so clear that no reasonable man could reach more than one conclusion, it is the duty of the court to decide the question of fact for itself; but if the meaning of the writing is uncertain or ambiguous and parol evidence is introduced in aid of its interpretation, and if, after considering the language in the light of the parol evidence introduced, there remains a doubt of its meaning, then the question of its meaning must be left to the jury. (2 Williston on Contracts, sec. 616; *Carstens Packing Co.* v. *Sterne & Son Co.*

286 Ill. 355.) Where the language used leaves the true intent of the parties in doubt and it is necessary to receive evidence of extrinsic facts and circumstances to determine the intent of the parties, and .if such extrinsic facts and circumstances are controverted, then the jury must determine the question of fact, What is the contract? (*Carstens Packing Co.* v. *Sterne & Son Co. supra; Turner* v. *Osgood Art Colortype Co.* 223 Ill. 629.) . The legal effect of the agreement should never be submitted to the jury. "Where the contract is ambiguous in any of its terms and the ambiguity can be solved by reference to other parts of the contract or surrounding circumstances which are uncontroverted by the evidence, it is the duty of the court to solve the ambiguity and to declare the true meaning of the contract; but where the ambiguity cannot be solved by reference to other parts of the contract and the surrounding circumstances are controverted, the court should charge the jury hypothetically as to the true interpretation of the contract." (2 Elliott on Contracts, sec. 1564.) Where the court is unable to determine the true agreement of the parties and it is necessary for the jury to determine what the contract is, the court should submit the question of fact to the jury under proper alternative instructions as to the construction to be given to the contract in the event of each possible finding of fact. (4 Page on Contracts,—2d ed.— sec. 2063; Thompson on Trials,—2d ed.—sec. 1079; 13 Corpus Juris, 785.) This case should be submitted to a jury under proper instructions.

The judgments of the Appellate Court and the circuit court are reversed and the cause is remanded to the circuit court of Henry county.                *Reversed and remanded.*