Lynn C. Farber d/b/a Vend O Mat, Plaintiff-Appellant, v. John Fleck d/b/a John Fleck Co., Defendant-Appellee.

Gen. No. 49,252.

First District, Third Division.

June 25, 1964.

Earl B. Lichten, of Chicago, for appellant.

Gunn, Davidson & Brantman, of Chicago (Arthur Brantman, of counsel), for appellee.

MR. JUSTICE DEMPSEY delivered the opinion of the court.

The plaintiff owned some property which he desired to sell. He engaged the defendant, a real-estate broker, to find a buyer. It was agreed that $2,500 would be paid the defendant if the deal was fully consummated and if the buyer did not default. The defendant secured a buyer, a $1,000 down payment was made and a sales contract was signed. The sales contract provided that the buyer would execute an installment purchase contract for the balance of the purchase price. The terms of the sales contract were fulfilled, includ-

ing an additional down payment of $4,000, and the installment purchase contract was executed which was entitled, "Articles of Agreement for Warranty Deed." The buyer took possession of the premises and met the obligations under the installment contract for two years, when a default occurred. The plaintiff repossessed the property, retained, as liquidation damages, all the purchase payments and then brought this action to recover the commission which had been paid to the defendant. The defendant answered and both parties moved for judgment on the pleadings. The defendant's motion was granted and the plaintiff's denied. The plaintiff has appealed from the judgment entered for the defendant.

At issue is the interpretation of the agreement between the plaintiff-seller and the broker-defendant. The agreement follows:

> "In consideration of your obtaining a signed Contract for the sale of our property at 11639 South Ashland Avenue, Chicago, Illinois, we agree to pay you a commission of Two Thousand Five Hundred and No/100 Dollars ($2,500) as per agreement provided and if the deal under said Contract dated April 12th, 1960 is fully consummated. We will be liable for said Commission if deal is consummated except for default on part of purchaser.

> "Terms of payment: $1,200 cash upon consummation of Contract or when all $5,000 have been paid. Balance $1,300—3 years 6% or $39.55 in monthly instalments till paid. Said balance may be paid at any time."

The plaintiff contends that the commission was unearned because the agreement contemplated consummation by the purchaser of the installment contract; that the sales contract was void for lack of mutuality of obligation, and hence the installment contract, which contained provisions for default and for-

146

feiture, was the one that had to be fulfilled before the broker would be entitled to his commission. The plaintiff further contends that the agreement, as well as the sales contract and the installment contract, were prepared by the defendant and should be construed most strongly against him, and that the three documents should be examined to ascertain the true intention of the parties. The defendant contends that his commission was earned because the agreement contemplated consummation of the sales contract, and that the deal was consummated when the purchaser made the advance payment totaling $5,000 and entered into the installment contract.

We agree with the defendant. The agreement refers specifically to the sales contract and states that the commission was to be paid if the deal under that contract was consummated, or when all the $5,000 was paid. The sales contract provided that the buyer was to make a down payment of $5,000, assume an unpaid mortgage, pay the balance of the purchase price in monthly installments and enter into articles of agreement to effectuate these terms. Each of these conditions was fulfilled; there was no default on the part of the purchaser in regard to the sales contract. The purchase price was $20,500; the buyer paid $5,047.78 in cash, assumed the unpaid mortgage of $10,552.22 and agreed to pay the balance of $4,900 in monthly installments over a three-year period.

For two-thirds of this period the buyer paid the monthly installments on both the purchase price and the mortgage before defaulting. The plaintiff had his mortgage reduced, retained approximately $8,600 which had been paid toward the purchase price and regained his property. After receiving these benefits, he would now have returned the commission paid to the broker on the ground that the sales contract was void for lack of mutuality. A proviso in the sales contract stated that the contract was contingent upon the pur-

147

chaser buying, within five days, fifty feet adjoining the premises. This is the basis for the lack of mutuality contention. The fifty feet must have been acquired or the condition must have been waived because the buyer went through with the deal. The contention is specious at this stage of the proceedings and cannot be used to avoid the agreement with the broker.

The rule that a contract must be construed most strongly against its author comes into play only when the contract is ambiguous and when other rules of construction fail. Vogel v. Melish, 46 Ill App2d 465, 196 NE2d 402; Bryden v. Northrup, 58 Ill App 233. The rule has no pertinency in the present case as the agreement between the parties is unambiguous.

The intention of the parties is clear and an examination of the other documents, the sales contract and the installment contract, confirms rather than alters this conclusion.

The judgment of the Municipal Court is affirmed.

Affirmed.

SCHWARTZ, P. J. and SULLIVAN, J., concur.