**Thomas J. Bowler and John P. Bowler, copartners, d/b/a Brighton Building & Maintenance Co., Plaintiffs-Appellants, v. The Metropolitan Sanitary District of Greater Chicago, a Municipal Corporation, Defendant-Appellee.**

**Gen. No. 53,534.**

First District, Third Division.

December 4, 1969.

L. Louis Karton and Harry M. Brostoff, of Chicago, for appellants.

Shulman, Baum and Marcus, Daniel S. Shulman and Bernard M. Baum, of Chicago, for appellee.

MR. PRESIDING JUSTICE DEMPSEY delivered the opinion of the court.

In November 1962, the Metropolitan Sanitary District of Greater Chicago advertised for bids for the construction of a sewer known as Calumet Intercepting Sewer, Contract 11–8. The plaintiffs, Thomas J. Bowler and John P. Bowler, doing business under the name of Brighton Building and Maintenance Company, submitted a bid in December 1962. They were successful and the contract was awarded to them in February 1963. In May 1963, the City of Chicago passed an ordinance granting an easement to the project which provided that the City would perform certain services such as replacing and maintaining water mains and electrical systems where these conduits traversed City property. Under the terms of the ordinance the sanitary district was required to reimburse the City for such work.

The plaintiffs constructed the sewer and as the work progressed the City billed the district for its services. The district paid the City and reimbursed itself by deducting the same amounts from the periodic payments due the plaintiffs under their contract.

The plaintiffs disputed the right of the district to charge them for the payments it made to the City. They started this action for declaratory judgment, seeking an interpretation of their contract and the recovery of the sums withheld from them. They estimated that the deductions would total $91,334.83. They subsequently sought, in a different suit, a determination of damages for the use of additional labor and material. The second suit was consolidated with the present action. The district answered the complaint for declaratory judgment, stated that it had been billed by the City in the total sum of $75,081.53, and admitted that this sum had been deducted from the money owed the plaintiffs. The district asserted that the plaintiffs knew the ordinance was contemplated, were notified when it was adopted and agreed to assume and perform all the covenants con-

tained therein insofar as they pertained to the plaintiffs' undertaking. The district further alleged that the plaintiffs had agreed to keep it harmless from liability or expense incurred by reason of the ordinance. The plaintiffs replied to the answer, denied its affirmative allegations, and asserted that they became informed of the terms of the ordinance after its adoption.

The district then moved for summary judgment and its motion was granted. Although the plaintiffs' claim for damages was undisposed of, the trial court, pursuant to Supreme Court Rule 304, found that there was no just reason for delaying an appeal from the order granting summary judgment to the defendant.

The plaintiffs contend that the payments were wrongfully withheld from them because at no time did they assume the district's obligation to pay the City. They stress the fact that the ordinance was not in existence at the time their contract was executed, that the easement was negotiated by the district without their knowledge or participation, and that at the time the contract was signed they had no reason to anticipate that the district would enter into an agreement which would entail payments by them of sums then unknown and unascertainable. They further contend that since the contract was prepared by the district it should be construed most strongly against the district; that the contract is ambiguous and that its ambiguity is shown by the district's inconsistent interpretations of its easement provisions. They point to an easement obtained from the Pennsylvania Railroad which contained conditions similar to the City's ordinance but state that under the railroad easement the district did not shift its obligations to the plaintiffs as it did under the City's easement.

The district's proposal for the Calumet Intercepting Sewer was incorporated in its contract with the plaintiffs. Pertinent provisions of the proposal are these:

"Ordinances, easements and permits are being acquired for a crossing under their respective rights of way and property for the construction of the intercepting sewer from the following:

"Ordinance from City of Chicago

". . .

"The contractor hereby agrees to assume, carry out and perform all of the covenants and conditions of said easements insofar as they pertain to the construction of the work under this contract."

The specific instructions to bidders which also became part of the contract stated:

"In preparing a proposal for doing the work herein specified, the bidder shall examine and inform himself as to the covenants and conditions prescribed in the various laws, ordinances and permits hereinafter mentioned in Article 2 of the General Conditions, and in the easements mentioned in the Contract (when easements are required)."

In Article 2 of the General Conditions section of the proposal and contract the contractor's obligations under a municipal ordinance are further articulated:

"The contractor . . . shall strictly comply with all ordinances, statutes, and regulations of the Sanitary District, and municipalities within which the work is being carried on, the State of Illinois, and the United States Government in any manner affecting the work hereunder or controlling or limiting in any way the actions of those engaged on work pertaining to this contract."

In Article 2 the plaintiffs also agreed to:

". . . save and keep the Sanitary District harmless from any liability or expense, incurred in the above mentioned permits, ordinances, statutes or regulations."

 The plaintiffs cite many cases in support of their position that the provisions in the contract, whereby they assume all obligations under easements acquired by the district, cannot be construed to extend to and include the assumption of an obligation which was not then in existence and which was so vague, uncertain and indefinite as to be unenforceable. There can be no disagreement with the broad propositions of law governing the construction of contracts stated in these cases, but none of the authorities is applicable to the present case. The rule that a contract must be construed most strongly against its author comes into play only when other rules of construction fail. Farber v. Fleck, 51 Ill App2d 145, 200 NE2d 903 (1964). In construing a contract, its determinative factor is the intention of the parties. That intention must be ascertained, if possible, from the contract itself. If the intention can be ascertained from the wording of the contract, rules of construction have no application. Every provision in a contract must be given meaning and effect because it is assumed that all provisions were inserted deliberately and for a purpose. Industrial Commodity Corp. v. E. J. Brach and Sons, 92 Ill App2d 163, 235 NE2d 857 (1968).

 Upon a review of the entire contract and particularly of the provisions quoted above, we find no merit to the plaintiffs' position. The language is clear and unambiguous and therefore, there is no need to resort to rules of construction or look to extrinsic facts surrounding the making of the contract. The plain import of the foregoing provisions was to put the plaintiffs on notice that ordinances were being acquired, that they had to strictly comply with and perform all the covenants and conditions of these ordinances and, in addition, that they

would be required to hold the district harmless from any expense accruing under the requirements of the ordinances. The district's withholding from the plaintiffs sums equal to those it had paid the City of Chicago was consistent with the terms of the contract. The fact that the plaintiffs have found these terms burdensome does not relieve them from their own imprudence in entering into the contract. Contracting parties are bound by the plain and unambiguous terms of whatever agreements they may have reached. Nardi, Pain & Nadolsky, Inc. v. Vignola Furniture Co., 80 Ill App2d 220, 224 NE2d 649 (1967).

Moreover, under the terms of the contract, the plaintiffs agreed to maintain the essential utility services in the community in which the intercepting sewer was to be constructed; they agreed to perform, at their own expense, the necessary removal, relocation, maintenance and replacement of the community's water mains and electrical systems. The ordinance provided that where the City's property was affected, the City would do this work itself and that the district would repay the City for its services and expenses. Thus, in the absence of the ordinance, the plaintiffs would have been bound to perform these duties. It is difficult, therefore, to understand the plaintiffs' assertion that the uncertainties of such an undertaking could be the difference between a profit or loss on the contract and that had they known they were to be held liable for the district's payment to the City they would have added this figure to the amount of their bid.

The judgment is affirmed.

Affirmed.

SCHWARTZ and LEIGHTON, JJ., concur.