BARNEY F. SCHWIEGER *et al.*, Plaintiffs, *v.* DEAN VAN LINES, INC. *et al.*, Defendants—(DEAN VAN LINES, INC., Defendant and Counter-Plaintiff-Appellant, *v.* MORGAN STORAGE & VAN COMPANY, INC., Defendant and Counter-Defendant-Appellee.)

(No. 70-126;

Second District—May 6, 1971.

Diver, Ridge, Brydges & Bollman, of Waukegan, and Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago, for appellant.

Snyder, Clarke, Dalziel, Holmquist & Johnson, of Waukegan, for appellee.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

Dean Van Lines, Inc. appeals from an adverse judgment on the pleadings entered upon its counterclaim for indemnity and the answer of Morgan Storage & Van Co., Inc.[1]

*Dean's* counterclaim set forth a written motor vehicle lease under which it was the lessee, including the provisions:

"8. Lessor agrees to indemnify Lessee against any loss resulting from the death or injury of any driver or other employee of Lessor, and any loss resulting from the negligence, incompetence, or dishonesty of such driver or employee. It is further understood that property damage, occasioned by driver's negligence, shall be the obligation of Lessor. Cost thereof and adjustment expense may be, by Lessee, charged to Lessor's account.

13. Lessor agrees to furnish Lessee with a Certificate of Insurance specifying Lessee as additionally insured under policy of insurance written in the name of the Lessor for the following type and amounts of Automotive Public Liability coverage:

Bodily Injury $100,000. Each Person—$300,000. Each Accident.
Property Damage $50,000 Each Accident.

Said Certificate of Insurance shall provide that the same shall not be cancelled without due notice to the Lessee."

*Morgan's* answer, as lessor, relied upon a subsequent amendment to the agreement, providing:

"1. Lessee waives the provision of Paragraph 13 of the Agreement requiring Lessor to provide certain Bodily Injury and Property Damage insurance for the benefit of Lessee as therein more specifically set forth.

2. Lessor agrees that the 'Hauling Agents Earning Schedule' as provided in the Agreement shall be amended as follows:

Four percent (4%) of the gross applicable tariff transportation revenue collected by Lessee for any shipment transported on Lessor's vehicle under the terms of the Agreement shall represent the value of the insurance protection required to be furnished by Lessor, and

---

[1] In the main suit, the plaintiffs had sued both Dean and Morgan alleging that on September 3rd, 1966, plaintiff's car was struck as a result of negligence on the part of one Johnson, an employee of Dean and Morgan.

Lessor's compensation shall be reduced by the said four percent (4%).

3. In lieu of the provisions of Paragraph 13 of the Agreement, Lessee shall assume its own liability for Bodily Injury and/or Property Damage arising out of the performance of this Agreement.

Except as hereinabove amended all of the terms and conditions of the Agreement shall be and remain in full force and effect."

The sole issue is whether the amendment nullified the agreement to indemnify in this third party action as a matter of law. The trial court found that the amendment nullified the entire agreement to indemnify stated in Paragraph 8.

Dean argues that the lease and the amendment must be read as a whole contract (*Martindell v. Lake Shore Nat. Bank* (1958), 15 Ill.2d 272, 283); that the lease contains provisions creating both a right to indemnification and the right to an insurance certificate, with each having incidents not common to the other. It contends that the amendment by its terms, expressly refers to Paragraph 13 of the lease, which creates the right to a certificate of insurance; and makes no reference to Paragraph 8, which creates the right to indemnity. It argues that the language used in the amendment, "Lessee shall assume its own liability for Bodily Injury and/or Property Damage" does not mean that Dean is relieving Morgan of the duty to indemnify, because the sentence as a whole is expressed to be "in lieu of Paragraph 13" which creates the right to a certificate of insurance. (It is suggested that, reading the agreement as a whole, the amendment was intended to state that Dean "shall assume its own liability (*insurance*) for Bodily Injury and/or Property Damage * * *", and that this is further indicated by the fact that the reduction in compensation under the amendment is stated to be consideration only for the value of insurance protection and not for the alleged waiver of the right to indemnification.)

■■ We are of the opinion that, limited to the facts of this case, the trial court's judgment was correct. We do not rule that the amendment nullified the entire agreement to indemnify as set forth in Paragraph 8 of the original agreement, however. We limit our holding to the effect of the amendment on indemnification against automotive bodily injury and property damage claims arising out of the performance of the leasing agreement. As to such claims only do we consider that the agreement on its face nullified the agreement to indemnify.

■■ Indemnity and hold harmless agreements are to be strictly construed. (*Westinghouse Co. v. Bldg. Corp.* (1947), 395 Ill. 429, 433.) There is no doubt that under the original lease Morgan was to both provide the insurance at its expense and assume any liability for auto-

motive body liability and property damage claims; and for the purpose of protecting against such claims, the duty to indemnify and the duty to provide insurance were identical in scope. The amendment, by its terms, provided that Dean should assume its own *liability* in exchange for a reduction in payments representing the cost to Dean of insurance for that purpose. The term "liability" as used in Section 3 of the amendment, reasonably interpreted, must be considered a reference to the kind of liability claim involved in this case. The fact that the amendment did not expressly refer to the indemnification provisions in Paragraph 8 of the original lease, might be said to create some question of ambiguity in the agreement; but whether the language used when the court applied a reasonable interpretation to the complete terms resulted in any real ambiguity was a question which the court could and did properly determine as a matter of law. *Schneider v. Neubert* (1923), 308 Ill. 40, 43, 44; *Whiting Stoker Company v. Chicago Stoker Corporation* (7th C.A.—1948), 171 F.2d 248.

The judgment below is affirmed.

Judgment affirmed.

T. MORAN, P. J., and ABRAHAMSON, J., concur.

