PAUL TONDRE, Plaintiff-Appellant, *v.* PONTIAC SCHOOL DISTRICT No. 105, Defendant-Appellee.

(No. 75-19; ▮▮▮▮▮▮▮▮)

Fifth District—November 20, 1975.

Paul M. Storment, Jr., of Belleville, for appellant.

Ralph J. Derango, Jr., of Belleville, for appellee.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal by the plaintiff, Paul Tondre, from orders of the circuit court of St. Clair County dismissing his complaint, his amended complaint, and denying his motion to reconsider the dismissal of his amended complaint. However, since the trial court granted the plaintiff leave to amend his complaint and the plaintiff proceeded to amend such complaint by filing an amended complaint, the trial court's order dismissing plaintiff's complaint was not a final and appealable order. Consequently, the sole issue before this Court is whether the trial court erred in dismissing the plaintiff's amended complaint.

The relevant portions of the plaintiff's amended complaint are as follows,

> "2. That on or about September 8, 1971, the *plaintiff entered into an employment contract* with the defendant, Pontiac School District No. 105, wherein the plaintiff would be *employed for a period of two (2) years* as a training intern, Nine and One-half (9½) months the first year and ten (10) months the second year. Said contract is attached hereto marked Plaintiff's Exhibit 'A'.
>
> 3. That on September 8, 1971, as attested to in said Contract marked Exhibit 'A', the plaintiff was hired by the School Board as a training intern; that on August 1, 1972, the plaintiff was elevated and appointed to principal of the Pontiac School in the Pontiac School District No. 105, by the Board of Education of the aforementioned school district, and served as principal for said school for the school year of 1972 and 1973, or a period of ten (10) months; further, that in addition to his elevated position of prin-

cipal, he was requested to supervise and manage the journalism club.

4. That the defendants agreed that the *term of the second year of said contract,* as aforementioned, would be by mutual agreement as to the increased duties and additional time in which the plaintiff was to perform these duties, i.e. act as principal, supervise and manage the journalism club and serve an additional one-half (½) month.

5. That the plaintiff has made numerous and reasonable demands upon the defendants to *make some agreement as to the terms of the second year contract;* that they have failed and refused to negotiate concerning the terms of the second year contract, although the plaintiff has performed all conditions and duties as set forth.

6. That the plaintiff was paid Eleven Thousand Three Hundred Dollars ($11,300.00) for the duties performed in the *second year of the contract,* but the reasonable value of his services performed at the time and place aforesaid, as principal and for managing and supervising the journalism club for the year of 1972 and 1973 was Twenty Thousand Dollars ($20,000.00).

7. That the defendants have willfully and maliciously failed to enter into any mutual agreement, or, to in fact, negotiate the terms of the second year of said contract and plaintiff is entitled to attorney's fees to prosecute said lawsuit for the recovery of same."
(Emphasis supplied.)

Attached to this amended complaint was a copy of the contract. This contract, entitled "Teacher's Contract," contained the following provisions,

"1. That for the consideration hereinafter set forth said teacher agrees to teach, govern and conduct the common school of said District to the best of h...... ability; to keep a register of the daily attendance and studies of each pupil belonging to said school and such other records as said Board may require; to make all reports required by law and to see that the school house, grounds, furniture, apparatus and such other district property as may come under the immediate care and control of said Teacher is not unnecessarily damaged or destroyed;

2. That said teacher agrees to perform the duties above specified for a term of * * * 9½ months * * * commencing on the 9th day of September A.D. 1971 for the sum of $11,000.00 * * *.

3. Duties to be assigned as Adm. Training Intern with appropriate courses to be completed by September 1972.

4. *Employment to be two years, with second year employment to be for a 10 months (sic) schedule, contract terms to be extended by mutual agreement.*

\* \* \*" (Emphasis supplied.)

The plaintiff asserts that the court below, in dismissing the complaint, erred in several particulars. The amended complaint sought damages in the amount of $9,700 actual damages and $500 attorney's fees. The plaintiff asserts that his complaint states a cause of action. The motion to dismiss was granted upon the defendant's argument: (1) That the action set forth in the complaint was contrary to the terms of the written express contract in issue; and (2) punitive damages and attorney's fees are not recoverable in an action for breach of contract.

We do not disagree with plaintiff's assertion that under the modern rules of pleading in Illinois, pleadings are to receive a reasonable construction and to be construed with a view to doing substantial justice between the parties (Ill. Rev. Stat. 1973, ch. 110, § 33). However, " '\* \* \* (t)here is nothing in the liberal pleading doctrine that requires a defendant to go to trial on a complaint that does not allege facts sufficient for a cause of action.' " *Consolidated Construction Co. v. Great Lakes Plumbing & Heating Co.*, 90 Ill.App.2d 196, 203, 234 N.E.2d 378, citing *Deasey v. City of Chicago*, 412 Ill. 151, 105 N.E.2d 727.

■■ The plaintiff contends that the allegations set forth in the complaint present triable issues of fact and he asserts further that the issues of fact are clearly capable of proof. The plaintiff bases his amended complaint solely on the *two-year* contract he entered into with the Board. He repeatedly refers to the second year of the *two-year* contract. More importantly, the plaintiff does not base, nor can his amended complaint be reasonably interpreted to base, his action on an agreement independent of said two-year contract. Similarly, the plaintiff does not assert that his additional services terminated the two-year contract and established a new contract. Indeed, the plaintiff's entire amended complaint is designed to allege a cause of action based on the two-year employment contract he entered into with the Board for his services as an Administrative Training Intern. Where such a contract "is relied upon as a basis for recovery and there exists a discrepancy between the allegations of the complaint and the substance of the exhibit, the latter controls and will be accepted as the factual basis for the complaint." (*Goldberg v. Valve Corp.*, 89 Ill.App.2d 383, 390-91. See also *Sharkey v. Snow*, 13 Ill.App.3d 448, 300 N.E.2d 279.) Hence, we must look to the contract

rather than to averments in the complaint. *Katz v. Diabetes Association,* 31 Ill.App.3d 240, 333 N.E.2d 293.

● 2 In construing the contract we are governed by the parol evidence rule which provides that if the parties intend that it alone is to constitute the agreement between them or if the instrument states that it alone is to constitute the agreement between them, or if the instrument itself is complete, terms not included in the instrument may not be shown for purposes of changing the contract. (*E.g., Jannes v. Microwave Communications, Inc.,* 16 Ill.App.3d 582, 306 N.E.2d 473.) Where the language of the contract is clear and unambiguous, extrinsic facts surrounding the making of the contract are not to be considered. (See *Patent Scaffolding Co. v. Standard Oil Co.,* 68 Ill.App.2d 29, 215 N.E.2d 1; *Bowler v. Metropolitan Sanitary District,* 117 Ill.App.2d 237, 254 N.E. 2d 144.) The mere fact that the parties "take divergent views of the contract language does not create an ambiguity." *National Wrecking Co. v. City of Chicago,* 128 Ill.App.2d 205, 208-09, 262 N.E.2d 735.

■■ In the instant case the parties explicitly provided that the written agreement contained the entire understanding between them. The plaintiff was forewarned by language in the contract stating that the written contract contained all of the terms to the agreement. In fact, on the face of the contract is stated: "School Boards and nontenure teachers should make written contracts. All of the points about which differences would be likely to arise, such as salary, length of time, *etc.*, should be plainly set forth in such agreements. The language of the contract must express the exact intention of the parties for which the rule of law is to give effect to the intention, yet if the language is unequivocal it will govern, although it fails to express the real intention of the parties. *Benjamin v. McConnell,* 4 Ill. Gilman, 536. Bateman's Decisions page 155."

■■ In an action based on a contract the trial court has the discretion to decide as a matter of law whether or not there is an ambiguity. (*Whitney Stoker Co. v. Chicago Stoker Corp.* (7th Cir. 1948), 171 F.2d 248; *Schneider v. Neubert,* 308 Ill. 40, 139 N.E. 84.) Upon examining the contract in question, we believe that it is clear that the contract was for two years under the terms set out and that the phrase "contract to be extended by mutual agreement" referred to an extension beyond the two-year period. As did the trial court, we find, as a matter of law, that no ambiguity exists. (See *Storybook Homes, Inc. v. Carlson,* 19 Ill.App.3d 579, 312 N.E.2d 27.) Nor, as contended by the plaintiff, do we find that the averments contained in plaintiff's amended complaint constitute additional consistent terms to a contract not intended to be a complete and final embodiment of the terms of agreement. (See *Continental Illinois National Bank & Trust Co. v. National Casket Co.,* 27 Ill.App.2d 447,

453, 169 N.E.2d 853.) Accordingly, we find no error in the trial court's refusal to permit the written contract between the parties to be modified by parol evidence. It, therefore, follows that since "there can be no implied contract or recovery in *quantum meruit* where an express contract exists between the same parties with respect to the same subject" (*Goodman v. Motor Products Corp.*, 22 Ill.App.2d 378, 384, 161 N.E.2d 31), the plaintiff's complaint, which was based solely on the two-year contract he entered with the Board, was properly dismissed by the trial court.

██ Further supportive of the findings of the trial court is the rule of the "last antecedent clause." As noted in *Storybook Homes, Inc. v. Carlson*, "This grammatical rule of construction states that generally in the construction of all written instruments a qualifying phrase is to be confined to the last antecedent." (19 Ill.App.3d 579, 583.) Thus, the phrase, "contract terms to be extended by mutual agreement" would refer only to the length of time of the contract, and not the other contract provisions.

As to the plaintiff's assertion that he should be allowed punitive damages, we find no such prayer in the amended complaint. The plaintiff did ask for attorney's fees. The law of Illinois is clear with regard to attorney's fees in such actions as this; attorney's fees are not recoverable in such an action. *Ledingham v. Blue Cross Corp.*, 29 Ill.App.3d 339, 330 N.E.2d 540.

Affirmed.

CARTER and KARNS, JJ., concur.