CHARLES LUKAS et al., Plaintiffs-Appellants, v. ROBERT W. LIGHT-FOOT et al., Defendants-Appellees.

Fifth District    No. 5—83—0783

Opinion filed February 19, 1985.

WELCH, J., dissenting.

Robert P. Schulhof & Associates, of Carbondale, for appellants.

Tom D. Adams & Associates, Ltd., of Columbia, for appellees.

JUSTICE HARRISON delivered the opinion of the court:

Charles and Mary Lukas, plaintiffs, appeal from a judgment of the circuit court of Jackson County entered in favor of Robert and Margaret Lightfoot, defendants, following a bench trial on plaintiffs' three-count complaint. The complaint sought, among other things, rescission or reformation of a contract involving the sale of plaintiffs' farm to defendants. For the reasons which follow, we affirm the judgment of the circuit court.

The contract at issue is dated January 3, 1978, and signed by all four parties. It provides, in pertinent part:

"Charles and Mary Lukas, hereafter known as sellers, agree to sell to Robert and Margaret Lightfoot, hereafter known as purchasers, 620 acres more or less of improved farm land in section 10 Somerset township, Jackson County, Illinois, known as Richwood Farm.

The purchase price is $400,000.00 (Four Hundred Thousand Dollars), with 3% of the purchase price down and 3% of purchase price paid annually, with 5% interest per annum on the balance [.] $12,000.00 received today, receipt hereby acknowledged.

Title will be conveyed by warranty deed free of all liens and encumbrances, after payemnt [sic] in full is received. Prepayment can be made without penalty.

\* \* \*

The sellers agree to take in trade improved farm land on old Baumgartner Road, St. Louis County, at the fair appraised market value and apply the value to the balance due on this contract. If the value of the St. Louis County tract exceeds the balance due on this contract, the excess will be paid to the purchasers in cash or other property."

The dispute between the parties arises from the last paragraph; plaintiffs contend that defendants are obligated to give them the Baumgartner Road property in trade, while defendants assert that they are not required to trade the Baumgartner Road property, but may do so at their election. At the beginning of the bench trial of this cause, the court examined the contract and ruled that it was not ambiguous. The court subsequently clarified its ruling, explaining:

"This case puts before this Court one issue and that is whether or not the trade is mandatory at this time. I have said in my ruling on the question of evidence that the intent as to the trade, nothing else, had to be determined from the four corners of the document and the facts that existed at the time this agreement was signed; that I was not going to hear intrinsic [*sic*] evidence as to the intent of the parties."

Following this ruling, the court continued to hear extensive testimony from plaintiffs' witnesses. Plaintiffs testified that they thought an exchange of the properties between the parties was required, while defendant Robert Lightfoot, called as an adverse witness, testified that defendants did not agree to a mandatory trade of the Baumgartner Road property. At the close of plaintiffs' case, the court granted defendants' motion for judgment.

■ On appeal, plaintiffs contend that the court committed reversible error in excluding certain parol evidence. Upon careful examination of the record, however, we are compelled to reject this contention. Initially, we note that, in an action based upon a contract, it is for the trial court to decide as a matter of law whether or not there exists an ambiguity in the written instrument. (*Tondre v. Pontiac School District No. 105* (1975), 33 Ill. App. 3d 838, 842, 342 N.E.2d 290.) Here, examination of the contract between the parties fully supports the trial court's conclusion that the contract was unambiguous, as the language of the contract does not support plaintiffs' position that defendants were obligated to trade their Baumgartner Road property to plaintiffs. While plaintiffs point out that their complaint sought reformation or rescission of the contract, analysis of the law in these areas also supports the trial court's ruling in favor of defendants. The rules in respect to the reformation of written instruments are well settled:

"A written instrument may be reformed to conform with the intention of the parties upon proof by clear and convincing evidence of a mutual mistake of fact. [Citations.] A mutual mistake exists when the contract has been written in terms which violate the understanding of both parties. [Citation.] The instrument may also be reformed upon proof of a mistake by one party to the contract when the other party knows of the mistake and fails to inform the other party or conceals the truth from him. [Citations.]" *Biren v. Kluver* (1976), 35 Ill. App. 3d 692, 696, 342 N.E.2d 325.

Here, while plaintiffs claim that the court, by excluding parol evidence relating "to the intent of the parties," committed reversible error, the record contains more than sufficient evidence to establish that the reformation count of plaintiffs' complaint is without merit. The testimony of plaintiffs and defendant Robert Lightfoot clearly shows that there was no mutual mistake regarding the contract, but that the parties simply took divergent views of what the contract language meant. Moreover, nothing of record tends to show that defendants knew of a mistake in the contract and concealed the fact of that mistake from plaintiffs. We note also that, while plaintiffs claim that they were not given the opportunity to prove their case, the record reveals that plaintiffs made no offers of proof regarding what the substance of the allegedly excluded testimony would be. An offer of proof is necessary to preserve a question for review under the circumstances of the type present here (*Simon v. Plotkin* (1977), 50 Ill. App. 3d 603, 607, 365 N.E.2d 1022), and, in the absence of such an offer, we are unable to say that reversible error occurred in this case.

Finally, we are compelled to conclude that the court also ruled correctly in entering a verdict for defendants on the rescission count of plaintiffs' complaint. While rescission is an appropriate remedy when there has been some fraud in the making of the contract (*Pinelli v. Alpine Development Corp.* (1979), 70 Ill. App. 3d 980, 1000, 388 N.E.2d 943), there was no showing of any such fraud here, and no offer of proof by plaintiffs which would tend to establish that any such fraud existed.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

KASSERMAN, J., concurring.

JUSTICE WELCH, dissenting:

I would reverse the judgment of the circuit court and remand this cause for further proceedings. Therefore, I respectfully dissent.

As the majority of this court observes, it is for the trial court to decide as a matter of law whether or not there exists an ambiguity in the written instrument. This court determines the correctness of a trial court's ruling on a question of law, independently of the judgment of the trial court. (*Lepkowski v. Laukemper* (1943), 317 Ill. App. 304, 314, 45 N.E.2d 979, 983.) A contract is ambiguous when the language used is reasonably susceptible to more than one meaning. *Susmano v. Associated Internists of Chicago, Ltd.* (1981), 97 Ill. App. 3d 215, 219, 422 N.E.2d 879, 882.

I think it is a reasonable interpretation of this contract that the parties agreed to trade real estate for real estate. In support of that interpretation, I note that certain essential terms for sale of the St. Louis County property to the Lukases are expressed in the contract. The property is specifically identified. Its price is stated as its "fair appraised market value." "Financing" consists of set-off against the Jackson County property. Why are these terms in the contract? The proper assumption is that the parties inserted each provision in the contract deliberately and for a purpose. (*State Farm Mutual Automobile Insurance Co. v. Schmitt* (1981), 94 Ill. App. 3d 1062, 1065, 419 N.E.2d 601, 603.) Further, if the only reasonable interpretation of the document in question is that the Lightfoots were free to opt to trade or not to trade the St. Louis County property, why is there no "option" or "election" language among its terms? Considering, as well, that the document in question was drafted by laymen (*cf. Weiland Tool & Manufacturing Co. v. Whitney* (1969), 44 Ill. 2d 105, 116, 251 N.E.2d 242, 248, observing that an attorney should be presumed better able than a layman to express his intentions in plain and concise English), I believe that the trial court should have heard extrinsic evidence regarding whether at the time the contract was executed the parties intended a trade rather than a mere option.

Finally, the parties dispute who drafted the contract, so we need not indulge in the secondary rule of construction that ambiguities are to be construed against the draftsman. See *Weiland Tool & Manufacturing Co. v. Whitney* (1969), 44 Ill. 2d 105, 251 N.E.2d 242.

For the foregoing reasons, I conclude that the contract is ambiguous on the matter in question and that the Lukases are entitled to their day in court on the issue of the intention of the parties at the time of execution. I would reverse and remand, and I therefore dissent.