(No. 32129.—

JAMES E. DEASEY *et al.*, Appellants, *vs.* THE CITY OF CHICAGO, Appellee.

*Opinion filed March 20, 1952—Rehearing denied May 19, 1952.*

LITTLE, WILSON & CLAUSEN, of Aurora, and GANNON & GANNON, of Chicago, (MERRITT J. LITTLE, WILLIAM C. CLAUSEN, GEORGE W. PRESBREY, and JOHN GANNON, of counsel,) for appellants.

JOHN J. MORTIMER, Corporation Counsel, of Chicago, (L. LOUIS KARTON, CARL H. LINDQUIST, DAVID D. STEVENSON, and HARRY H. POLLACK, of counsel,) for appellee.

Mr. JUSTICE MAXWELL delivered the opinion of the court:

This is a direct appeal from an order of the superior court of Cook County denying plaintiffs-appellants motion to vacate an order dismissing the complaint, and denying leave to amend.

Plaintiffs-appellants herein, 1377 police and fire officers of the city of Chicago, on June 28, 1950, filed a complaint in equity and at law in the superior court of Cook County seeking to recover portions of salary allegedly due them from the city of Chicago. The complaint alleges that appellants are duly appointed officers of the Chicago police and fire departments, under civil service, who held office for the entire period from January 1, 1931, to December 31, 1939, or for a part of that period; that appellee municipal corporation, by statute, has the power and right to fix annual salaries for municipal offices in an annual appropriation bill; that during the period in question, one of great financial depression, the appellee fraudulently attempted to alter the appellants' salaries.

The complaint further alleges that salaries of such municipal officers are under statute to be fixed by the city council's annual appropriation bill, and that no salary should be altered during the same fiscal year. Appellants set forth that this was done by paying them on the same salary base, but for a fewer number of working days than they had been accustomed to work.

The complaint alleges that an agreement, amounting to a contract or a trust, was made between appellants and appellee that the amounts by which appellants' salaries were reduced would be repaid when the appellee was financially more sound; that other classes of city employees have previously received their withheld salaries, while appellants have not; and that the city is now financially sound and able to pay appellants the amounts due them, which aggregate in excess of $3,000,000.

The defendant-appellee's motion to dismiss alleged nineteen grounds for dismissal, among which were the failure to set out the appropriation bills on which plaintiffs rely, *laches,* limitations, insufficient allegations to show a contract, fraud, or any legal duty in defendant. The motion also sets forth general allegations and conclusions in the complaint which defendant says it cannot answer or deny.

The trial court granted defendant's motion and dismissed the complaint as to all three counts. Plaintiffs thereupon filed a motion to vacate the order dismissing the cause and "grant leave to complainants to amend their complaint for the purpose of making additional parties parties-complainant, and for other purposes." This motion was denied.

The plaintiffs here contend that the ruling of the trial court was an abuse of discretion so gross as to be a deprivation of due process and equal protection of the law and has deprived them entirely of a remedy at law.

Dismissal of a complaint for valid cause is within the trial court's discretion. A complaint must state a good

cause of action, and the court may dismiss any complaint which does not. Appellants argue that, if the complaint seemed insufficient or indefinite, appellee should have moved for a more specific complaint, and that the court erred in dismissing the complaint. In *Wuellner* v. *Illinois Bell Telephone Co.* 390 Ill. 126, this court discussed the proper manner in which to attack an indefinite complaint, and we there held that under the Civil Practice Act, where a complaint is indefinite, a proper procedure is to move for a more specific complaint, but there is nothing in the act which excuses the necessity of stating a cause of action, and a motion to dismiss may be entertained where the complaint fails to state a cause of action. Likewise, absence of essential and material allegations in the complaint may properly be raised by a motion to dismiss.

In *Joyce* v. *Blankenship,* 399 Ill. 136, it was held that it is proper to dismiss a complaint when there is no equity on its face, and it is manifest that no amendment could aid it. The appellee here contends that the complaint does not, and cannot, state a good cause of action because it has already been held that appellants have no lawful claims. Appellants' basis of appeal is an alleged deprivation of their constitutional rights, and they argue that, in determining whether or not the trial court abused its discretion in refusing them permission to amend the complaint, the merits of the case should not be considered. It is well established, however, that a court may view what are in effect the merits of a controversy to determine whether or not the cause of action is good. The court may apply the doctrine of judicial notice to pleadings, and may disregard a fact alleged in the pleading because it is contrary to the fact of which the court takes judicial notice. In *People ex rel. Griffin* v. *City of Chicago,* 382 Ill. 500, the fact situation was similar to the instant case, if not identical. Plaintiffs therein, some of whom were also members of the Chicago fire and police departments, sought recovery of withheld

salaries allegedly due them because of reduction in their pay during the depression. In the *Griffin case,* the plaintiffs were similarly situated, the defendant city was the same, the same statutes governing the city's duty and the same appropriation ordinances were the basis of the claim. The court there held that plaintiffs had not been diligent in asserting their claims, were guilty of *laches,* and, in addition, that plaintiffs' salaries were properly fixed at the reduced amount. If there was lack of diligence and *laches* in the *Griffin case,* which was originally filed in 1936, the court could certainly find *laches* here where suit was filed in 1950. And where the salaries were properly reduced in the *Griffin case,* so analogous to the instant case, we cannot say, on the basis of the same statutes and ordinances, that the salaries herein were not legally reduced.

Appellants' constitutional rights cannot be infringed where an insufficient or defective complaint is dismissed, as we believe occurred in the instant case. Appellants have set forth insufficient facts to show a binding agreement such as they rely upon between themselves and the appellee, nor do they show any duty on the part of the appellee to pay the allegedly due back salaries. The allegations are insufficient to charge fraud. *Knaus* v. *Chicago Title and Trust Co.* 365 Ill. 588.

A marked lack of diligence in pursuing their claims appears on the face of appellants' complaint, which was filed in June, 1950, on claims which allegedly arose from the period January, 1931, to December, 1939. Appellants were aware, as a result of the nine annual appropriation bills passed during this period, that their salaries had been lowered and that they were being consistently paid at a reduced rate, yet they did not act. In *Knaus* v. *Chicago Title and Trust Co.* 365 Ill. 588, it was held that the Statute of Limitations may be availed of in chancery by a motion to dismiss where the bar appears on the face of the complaint, unless an equitable excuse is alleged in the complaint

to avoid the bar. No sufficient equitable excuse was here alleged. Plaintiffs had full year-by-year knowledge of the salary reductions, and should have sought earlier adjudication of their rights in relation thereto. They are guilty of *laches* since they waited eleven years at the least reckoning to bring this action, and the bar of the Statute of Limitations appears on the face of their complaint, thus making it properly within the court's consideration on motion to dismiss.

The court could have dismissed the complaint for any of the foregoing reasons and under such circumstances we cannot say that the ruling in that respect was an arbitrary abuse of discretion.

Plaintiffs contend the denial of their motion for leave to amend was arbitrary. The trial court has discretion with respect to allowance of amendments to pleadings. (*Continental Casualty Co.* v. *United States,* 68 Fed. 2d 577; *Broxham* v. *Borden's Farm Products Co.* 53 Fed. 2d 946; *Sauter* v. *First National Bank,* 8 Fed. 2d 121.) It is not prejudicial error to refuse an amendment unless there has been a manifest abuse of this discretion on the part of the trial court. In the *Broxham case,* the court said the appellate court will not interfere with the ruling of the trial court with respect to amendment of pleadings unless discretion was abused, and further stated that the test to be applied in determining whether discretion with respect to allowance of amendment to pleadings was properly exercised is whether it furthers the ends of justice. In order to determine the validity of the trial court's ruling with respect to the motion to amend, we will assume that the original complaint states a good cause of action defectively.

Appellants presented no proposed amendment when they sought the court's permission to amend. They requested leave "to amend their complaint for the purpose of making additional parties parties-complainant, and for other purposes." In *McFarland* v. *Claypool,* 128 Ill. 397,

this court held that a motion for leave to file an amended plea is properly overruled when no plea is presented with the motion. The appellants' request to bring in additional parties through the amendment, and to amend for other purposes, could give the court no indication of the contents of the proposed amendment, and does not obligate it to allow amendment. (*Dilcher* v. *Schorik*, 207 Ill. 528.) We have previously held that the court need not allow amendment unless the materiality of such an amendment is apparent. (*Moneta* v. *Hoinacki*, 394 Ill. 47; *McGlaughlin* v. *Pickerel*, 381 Ill. 574.) The appellants, in this motion for leave to amend, presented nothing to show the materiality of the proposed amendment.

In the light of the decisions in the *Griffin* and other cases, there was ample precedent for the trial court's dismissing the complaint and refusing to permit appellants to amend their complaint. A court may consider the ultimate efficacy of a claim in passing upon a motion for leave to amend, or in considering a motion to dismiss. Applying the test that the court's discretion has not been abused if its decision promotes the ends of justice, the trial court here made no arbitrary ruling. Justice is not served by fruitless expenditure of time and effort by our courts, their officers and litigants.

Appellants presented no proposed amendment in seeking to amend and the court was justified in assuming that no amendment could have rejuvenated their dead claims. There was no abuse of discretion in the trial court's ruling, and it follows that appellants have not been deprived of their constitutional rights by a denial of due process.

The judgment order of the superior court of Cook County, denying appellants' motion to vacate dismissal of the complaint and denying leave to amend the complaint, is hereby affirmed.                    *Judgment affirmed.*