Consolidated Construction Co., Inc., Plaintiff-Appellant (Cross-Appellee), v. Great Lakes Plumbing & Heating Co., Algonquin Realty, Inc., United Air Lines, Inc., and Gust K. Newberg Construction Co., Inc., Defendants-Appellees (Cross-Appellants).

Gen. No. 52,030.

First District, First Division.

December 18, 1967.

Brown, Rosenthal & Wilson, and Lochtan and Wolfe, of Chicago (Harry G. Fins, of counsel), for appellant.

Sonnenschein, Levinson, Carlin, Nath & Rosenthal, of Chicago (Bernard J. Nussbaum and Michael M. Lyons, of counsel), for appellees.

MR. PRESIDING JUSTICE MURPHY delivered the opinion of the court.

Plaintiff, Consolidated Construction Co., appeals from an order which struck plaintiff's three-count third amended complaint and dismissed the action as to all defendants with prejudice. Defendants cross-appeal from the denial of their motions for orders directing plaintiff to pay defendants reasonable attorneys' fees and costs, pursuant to section 41 of the Civil Practice Act.

As plaintiff has withdrawn Count II from the appeal, the determinative issue is whether Counts I and III of plaintiff's third amended complaint state causes of action. The pertinent paragraphs of each count are set forth in detail.

## COUNT I

2. That prior to August 2, 1960, Great Lakes and Newberg, Defendants, entered into certain contracts with Algonquin and United, Co-Defendants, to furnish labor, materials and equipment in the construction and installation of an underground utility system and apurtenant structures in the United Airline Executive Building and Education and Training Center at O'Hare Field, in the City of Chicago, County of Cook and State of Illinois, which details of "Construction" are unknown to the Plaintiff.

3. That the Plaintiff, Consolidated, on or about August 2, 1960 was the owner of considerable building materials described as vitrified tile pipe, concrete pipe, precast concrete manholes, Redi-Mix concrete, gravel bedding, Portland cement and said, manhole blocks, and cast iron pipe and fittings, all of which

was located at or near the property of the Defendant, United, at O'Hare Field by a site on which a building was to be constructed which would be known as the United Air Line Executive Building and Education Training Center.

4. That the Defendant, Great Lakes, with the knowledge and consent of the Defendants, Newberg, Algonquin and United, unlawfully used and converted said materials described in Paragraph 3, to the use of Great Lakes in the course of performing its contracts with Newberg, Algonquin and United in the construction of the building to be known as the United Air Line Executive Building and Education and Training Center at O'Hare Field. That the Defendants knew that said material belonged to the Plaintiff.

5. That subsequent to August 2, 1960, Plaintiff on numerous occasions, demanded of Defendants to return said material and equipment to the Plaintiff, but the Defendants willfully failed and refused and still willfully fail and refuse to return said materials, merchandise and equipment, or to pay the reasonable value thereof.

6. That the value of said property is $40,000.00.

Wherefore, Plaintiff prays for judgment in the sum of Forty Thousand Dollars ($40,000.00) against the Defendants, Great Lakes, Algonquin, United and Newberg in favor of the Plaintiff.

· · · · · ·

## COUNT III

[Paragraphs 1 through 3 are realleged.]

4. That the Defendant, Great Lakes, with the knowledge and consent of the Defendants, Newberg, Algonquin and United used said material in the course of performing its contracts with Newberg,

Algonquin and United, well knowing said materials to belong to the Plaintiff and knowing that Plaintiff had a large investment in said material.

5. That subsequent to August 2, 1960, the Plaintiff on numerous occasions has demanded of Defendants that they pay the reasonable value of the material and equipment to the Plaintiff, but the Defendants have failed and refused to make such reasonable payment.

6. That the value of said property is Forty Thousand Dollars ($40,000.00).

7. That an implied in-law contract exists by operation of law to pay the reasonable value of said material to the Plaintiff.

Wherefore, Plaintiff prays for judgment in the sum of Forty Thousand Dollars ($40,000.00) against the Defendants, in favor of the Plaintiff.

Defendants' motion to strike the third amended complaint was on the grounds that (1) it was improper; (2) all of the counts were substantially insufficient in law; and (3) the action was defeated by admissions of plaintiff's counsel in open court. Defendants' motion stated, "The original and first two amended complaints were substantially identical. In each, plaintiff alleged that it was a materialman and had delivered certain materials and unidentified equipment to a 'job site' at O'Hare Field for use in the construction of a building to be known as 'United Airline Executive Building and Education and Training Center.' . . . In none of these complaints was it shown or even alleged that the taking or use of the materials and equipment was wrongful. Indeed, plaintiff admitted that they were used for the purpose for which it had furnished them. Clearly, plaintiff's complaint was not that they had been wrongfully taken or used, but rather that it had not been paid for them."

The motion related in detail the substance of the allegations of previous complaints, the original of which was filed February 23, 1962; the colloquy between court and counsel at each hearing; and the reasons for striking each complaint.

To show that the instant complaint was improper, defendants' motion asserted that "the action is inconsistent with allegations in the previous complaints" because "now that plaintiff has shifted its action to one in tort for conversion, it has carefully deleted these facts from the present complaint since they would obviously negate any possibility of conversion and therefore defeat the entire action," and "on the pretext of amending the previous complaint, plaintiff has not only brought a new action, but it has sought to expunge from the record all of the allegations of its previous complaints that are inconsistent with it. Such improper use of the privilege of amending has been condemned by the courts." Also, to show that the complaint was improper, the motion stated, "The present complaint is not the type of amendment which is permitted by Section 46 . . . [because] the manifest purpose of allowing amendments changing the cause of action is to prevent the injustice of denying relief merely because the plaintiff has chosen the wrong theory. No matter how liberally section 46 may be construed, it certainly does not permit a plaintiff to bring a new action and at the same time repudiate all previously alleged facts which would defeat it. This is precisely what the plaintiff here is attempting to do. . . . In short, plaintiff's present complaint and action are improper since they are in conflict with allegations of its previous complaints."

The basis for the allegation that the instant complaint was "defeated by admissions of counsel in open court" occurred at a hearing to dismiss the second amended complaint on March 10, 1966. The motion alleged that at

that hearing plaintiff's counsel represented to the court that plaintiff had a written contract with "Jack Kennedy," "the sub-contractor, to furnish these materials," and "such admissions by counsel in open court are to be treated as established facts in the case, and therefore defeat any action which is inconsistent with them. . . . The fact that plaintiff had this written contract with Kennedy, which plaintiff failed to disclose in any of its complaints, negates the possibility of any action against the defendants. Clearly, plaintiff's *only* remedies were to secure and foreclose a mechanic's lien against the premises or sue Kennedy on its contract, or even do both."

To show that "the present complaint is insufficient in law," the motion alleged, "In each count of the present complaint, plaintiff seeks to allege an action in trover for conversion of personal property. The three essential elements of such an action are that (1) the plaintiff owned the property at the time of the alleged conversion, (2) the plaintiff had possession, or a right to immediate possession, of the property at the time of the alleged conversion, and (3) the defendant wrongfully converted the property to its own use." The motion asserted that Count I lacked two of the foregoing three essential elements. "There is no allegation that plaintiff was the owner of the materials at the time of the alleged conversion. Nor is it alleged that at any time plaintiff had possession of the materials or even a right to their immediate possession."

As to Count III, the motion alleged that it lacked all of the essential elements of an action in trover, and "It has been consistently held that a quasi-contract action will not lie unless the complaint shows that an action in trover for conversion could be maintained. Simply stated, one cannot waive the tort and sue on a contract implied-in-law unless there was a tort in the first place."

At the outset, we note that both sides have filed briefs in which the issues are extensively argued, with support-

202

ing authorities. A review of these authorities is not required and will unnecessarily lengthen this opinion.

Initially, we agree with defendants that "there is nothing in modern pleading rules which excuses a plaintiff from stating a cause of action by alleging essential facts which if true are sufficient to sustain the cause. There is nothing in the liberal pleading doctrine that requires a defendant to go to trial on a complaint that does not allege facts sufficient for a cause of action," and "a motion to dismiss may be entertained where the complaint fails to state a cause of action." Likewise, absence of essential and material allegations in the complaint may properly be raised by a motion to dismiss. Deasey v. City of Chicago, 412 Ill 151, 153–154, 105 NE2d 727 (1952).

Nevertheless, we do not agree that "the conversion and quasi-contract claims of the third amended complaint were barred by allegations of the first three complaints and by plaintiff's oral judicial admissions."

We believe the rule to be applied here is set forth in Wright v. Risser, 290 Ill App 576, 8 NE2d 966 (1937), where the court said (p 581):

> "The third amended complaint was complete in itself and does not refer to or adopt any portion of either the original complaint or the first or second amended complaints. 'An amendment which is complete in itself and does not refer to, or adopt, the prior pleading, supersedes it and the original pleading ceases to be a part of the record, being in effect abandoned, or withdrawn, and becomes functus officio, with the result that the subsequent proceedings in the case are to be regarded as based upon the amended pleading, which will not be aided by anything in the prior pleadings, and any ruling of the court with relation to the sufficiency of the original pleadings is not properly in the record.' 49 CJ 558, sec 773."

203

See, also, Bowman v. County of Lake, 29 Ill2d 268, 193 NE2d 833 (1963), where it is said (p 272):

> "And while plaintiff now seeks review of both orders of dismissal, our consideration of the first order may be at once eliminated from the appeal. Where an amendment is complete in itself and does not refer to or adopt the prior pleading, the earlier pleading ceases to be a part of the record for most purposes, being in effect abandoned and withdrawn. (Wright v. Risser, 290 Ill App 576; Cantow v. Foute, 335 Ill App 574; see also: Wende v. Chicago City Railway Co., 271 Ill 437; Precision Extrusions, Inc. v. Stewart, 36 Ill App2d 30.) Here, an examination of the two pleadings leaves no doubt that the original complaint was abandoned and withdrawn. Indeed, plaintiff completely changed his form of action in the amended complaint."

▇ The previous pleadings filed by plaintiff and the alleged remarks of plaintiff's counsel at the hearing of the motion to dismiss the second amended complaint on March 10, 1966, come within the guidelines set forth in Precision Extrusions, Inc. v. Stewart, 36 Ill App2d 30, 183 NE2d 547 (1962) where it is said (p 50):

> "In the trial of the case such withdrawn pleadings may be introduced in evidence and they have no greater or less effect than any other admission offered. . . . Such *'evidential* admissions are to be distinguished from *judicial* admissions. Judicial admissions are not evidence at all, but are formal admissions in the pleadings, or stipulations, oral or written, by a party or his counsel which have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact. Thus the judicial admission, unless it should be allowed by the court to be withdrawn, is conclusive,

whereas the evidential admission is not conclusive (unless the adversary should fail to meet it with contrary evidence) but is always subject to be contradicted or explained.' McCormick on Evidence, sec 239, p 504."

■ ■ The third amended complaint makes no reference to any of the prior complaints and, "for the purposes of the motion attacking it, is neither aided nor impaired by any prior pleading. . . . [T]he disposition of a motion to dismiss must be made upon the allegations contained in the complaint." (Louis v. Barenfanger, 81 Ill App2d 104, 108, 226 NE2d 85 (1967).) Therefore, we hold that plaintiff's prior complaints, the colloquy between court and counsel on the previous motions to strike and dismiss, and the alleged judicial admissions made in open court by plaintiff's counsel cannot be considered by this court in its determination of whether plaintiff's third amended complaint states a cause of action.

Considered next is the determinative issue here, whether plaintiff's third amended complaint, standing alone, states a cause of action and "contains such information as reasonably informs" defendants of the nature of the claim they are called upon to meet. Civil Practice Act, § 42.

■ Recent decisions such as Kita v. Young Men's Christian Ass'n of Metropolitan Chicago, 47 Ill App2d 409, 198 NE2d 174 (1964), and Miller v. Veterans of Foreign Wars of United States, 56 Ill App2d 343, 206 NE 2d 316 (1965), have stressed that "pleadings shall be liberally construed with a view to doing substantial justice between the parties." Section 33(3).

In Kita, the court said (p 425):

"The intent of the Civil Practice Act was to get away from the formality and rigidity of the common law pleading. In Crosby v. Weil, 382 Ill 538, 548,

48 NE2d 386, 391, the court states that 'It is only necessary that the allegations state a cause of action.' The court quotes section 42 of the Civil Practice Act and says further:

> " '. . . Under the Civil Practice Act, pleadings are to be liberally construed with the view toward doing substantial justice between the parties and no pleading is to be deemed bad in substance which shall contain such information as shall reasonably inform the opposite party of the nature of the claim. (Frasier v. Finlay, 375 Ill 78.) With the adoption of the Civil Practice Act there has been a definite attempt to abolish the so-called technicalities of common-law pleading . . . .'

> ". . . If the courts, by their restrictive interpretation of that Act, again place the rights of the plaintiff and defendant in a legal straitjacket, they are pursuing the path pointed out by Judge Clark. The purpose of the law is to do substantial justice and the courts must exercise restraint in construing a statute which seeks to reach that end."

A motion to dismiss admits facts well pleaded but not conclusions of law or conclusions of fact unsupported by allegations of specific facts upon which such conclusions rest. Pleadings are construed most strongly against the pleader, but facts well pleaded must be taken as true. (Washington v. Courtesy Motor Sales, Inc., 48 Ill App2d 380, 199 NE2d 263 (1964).) A cause of action should not be dismissed on the pleadings unless it clearly appears that no set of facts can be proved under the pleadings which will entitle plaintiff to recover. 81 Ill App2d 104, 110, 226 NE2d 85 (1967).

After examining the third amended complaint in the light of the foregoing principles, we conclude that Count

I of the complaint contains the three essential elements of an action in trover. It states that on or about August 2, 1960, plaintiff was the owner of described building materials valued at $40,000, all of which was located at or near the construction site of a United building at O'Hare Field; that all of the defendants knew the materials belonged to plaintiff, and with the consent and knowledge of the other defendants, Great Lakes used the material in the construction of the United building; that on numerous occasions plaintiff demanded the return of the materials or payment of the reasonable value therefor; and defendants have not returned the materials or paid therefor.

We believe that plaintiff's allegation that it was the "owner" of the described building materials carried with it the reasonable connotation that plaintiff had the possession or a right to the immediate possession of the building materials at the time of conversion, subsequent to August 2, 1960.

As to Count III of the third amended complaint, defendants' contention that it "did not allege a cause of action in quasi-contract" is premised on the theory that a "quasi-contract action will not lie unless the allegations show that an action in trover for conversion could have been maintained. Briefly stated, one cannot waive the tort and sue on a quasi-contract unless there was a tort in the first place." As we have found that Count I did state a cause of action in trover, it follows that in our opinion Count III also states a cause of action.

Our conclusion that Counts I and III of the third amended complaint state causes of action render moot at this time defendants' cross-appeal from the denial of their motion for attorneys' fees under section 41 of the Civil Practice Act.

For the reasons given, the order striking the third amended complaint and dismissing the action as to all

defendants, with prejudice, is reversed, and the cause is remanded for further proceedings consistent with the views expressed herein.

Reversed and remanded with directions.

BURMAN and ADESKO, JJ., concur.