CLARENCE PRATHER *et al.*, Plaintiffs-Appellants, *v.* DECATUR MEMORIAL HOSPITAL *et al.*, Defendants-Appellees.

Fourth District    No. 14272

Opinion filed August 31, 1977.

Denis McGrady, Jr., of McGrady and McGrady, of Gillespie, for appellants.

Samuels, Miller, Schroeder, Jackson & Sly, of Decatur, for appellee Decatur Memorial Hospital.

John P. Ewart and Richard F. Record, Jr., both of Craig & Craig, of Mattoon, for appellees John L. Hubbard and Joseph P. Velek.

Mr. JUSTICE GREEN delivered the opinion of the court:

This case concerns the meaning and application of section 8 of Public Law 79—1434, effective September 19, 1976, which amended section 34

of the Civil Practice Act (Ill. Rev. Stat. 1976 Supp., ch. 110, par. 34) to now state that in a complaint or counterclaim seeking money damages for personal injuries no "ad damnum may be pleaded except to the minimum extent necessary to comply with the circuit rules of assignment where the claim is filed." The amendment further states that if an ad damnum in excess of that amount is pleaded, the "complaint * * * shall be dismissed without prejudice forthwith upon motion of a defendant or upon the court's own motion."

On October 1, 1976, plaintiffs Clarence Prather and Betty Prather, claiming personal injury and loss of consortium respectively filed suit in the Circuit Court of Macon County against defendants Decatur Memorial Hospital and John L. Hubbard and Joseph P. Velek, physicians and surgeons. All defendants were charged with professional negligence and the counts contained ad damnum provisions ranging from $500,000 to $2,000,000. On December 3, 1976, a hearing was held upon motions of the defendants to dismiss the various counts of the complaint. Each motion cited violation of section 34 as one basis for dismissal. The court's docket indicates that after hearing arguments on the motions, the court dismissed the "cause" without prejudice and ordered it "stricken pursuant to section 34." No written order was filed. On December 14, 1976, motions by plaintiffs seeking a reconsideration of the order of dismissal and leave to file an amended complaint were heard and denied. On December 20, 1976, a written order setting forth the rulings pronounced on December 14, 1976, was filed. That order also recited that on December 3, 1976, the court had dismissed the "complaint" for failure to comply with the provisions of section 34. On January 12, 1977, plaintiffs filed a notice of appeal from the orders of December 3 and 20, 1976.

■■ Plaintiffs maintain that the trial court abused its discretion in denying them leave to file an amended complaint and that the amendment to section 34 is unconstitutional. Their allegations in the trial court with regard to the latter contention, however, were too generalized to raise that issue (*Jewel Tea Co. v. Rowe* (1953), 414 Ill. 495, 111 N.E.2d 568) and we will not consider it on appeal. Defendants maintain that the trial court was within the proper exercise of its discretion in denying leave to file an amended complaint. Defendants also argue that the order of dismissal and refusal to allow the filing of an amended complaint as to them can be supported because the allegations of the proposed amended complaint were insufficient to state a cause of action against them. Defendants point out that in *Deasey v. City of Chicago* (1952), 412 Ill. 151, 105 N.E.2d 727, the trial court's refusal to permit the filing of a first amended complaint was ruled not to be an abuse of discretion. The record in the instant case, however, makes clear that the trial court's order

was based on plaintiffs' failure to comply with the amendment to section 34 in their original complaint. Therefore, we must judge the court's exercise of discretion upon that basis.

■■ Since section 34 provides that the order of dismissal be "without prejudice" the order is clearly not intended to be a bar to a further suit. Ordinarily a claimant is not greatly prejudiced by being required to file a new suit rather than an amended complaint because only the costs of new filing and service of process and the inherent delay are involved. Here, however, the injury allegedly occurred on November 9, 1974, more than 2 years prior to the date when the complaint was dismissed. Section 46(2) of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 46(2)) gives the party filing an amended complaint protection against time limitations for bringing suit that are not available to the party required to file a new complaint. As plaintiffs contend, had they been given leave to file an amended complaint, no problem of the statute of limitations would be involved. If they are limited to a new suit, however, their ability to sue is based upon the date which they learned of the injury (Ill. Rev. Stat. 1975, ch. 83, par. 22.1) or the possibility of coming under some provision tolling the operation of the statute of limitations (see Ill. Rev. Stat. 1975, ch. 83, par. 24a, as amended by Public Law 79—1358, Ill. Rev. Stat. 1976 Supp., ch. 83, par. 24a).

■■ As we have indicated, we do not deem the legislature to have intended that a violation of section 34 would operate to bar the offending complainant from the ultimate opportunity to have his day in court because the statute provides that the dismissal is to be "without prejudice." In *Bates v. Ulrich* (1976), 38 Ill. App. 3d 203, 347 N.E.2d 286, in ruling that a particular order of dismissal was a final and appealable order, we deemed the fact that the order dismissed the *case* and not merely the *complaint* to be a significant factor indicating the finality of the order. All that section 34 requires is that the *complaint* be dismissed. No requirement is stated that the *case* be dismissed. The purpose of the amendment to section 34 is not entirely clear. Once the offending complaint has been dismissed, defendants would appear to be as well protected when an amended complaint is permitted as when a new suit is filed. Under ordinary circumstances, requiring offending complainants to go to the further time and expense of filing a new law suit might be an appropriate sanction. Under the situation in the instant case, the sanction imposed could well deny plaintiffs their day in court. We deem that to be too great a penalty. Accordingly, the trial court's denial of leave to file an amended complaint was an abuse of discretion.

The order denying leave to file an amended complaint is reversed and the case is remanded to the Circuit Court of Macon County with

directions that plaintiffs be given leave to file the proposed amended complaint and for further proceedings.

Reversed and remanded.

TRAPP, P. J., and MILLS, J., concur.