ANTHONY J. FORT, Plaintiff-Appellant, *v.* STEVE SMITH *et al.*,
Defendants-Appellees.

Fifth District   No. 79-247

Opinion filed June 26, 1980.

JONES, P. J., dissenting.

Hogan & Jochums, of Murphysboro, for appellant.

Dan Walker Law Offices, of Fairview Heights, for appellee Steve Smith.

Charles R. Jelliffe, of Jelliffe & Ferrell, of Harrisburg, for appellee Frank Thornber Company.

Mr. JUSTICE HARRISON delivered the opinion of the court:

The plaintiff, Anthony J. Fort, appeals from an order of April 2, 1979, by the circuit court of Massac County dismissing his three-count complaint. Two of the counts alleged certain acts of misconduct by Steve Smith, a Massac County deputy, in his arrest of the plaintiff. Count III attempted to raise a claim in products liability against the Frank Thornber Company, which printed the forms used by Massac County in processing the defendant on criminal charges. The defendants filed motions to dismiss based on the argument that the complaint did not state a cause of action and was conclusory. The trial court dismissed counts I and II finding that they lacked sufficient facts to state a cause of action, were stated in terms of pure conclusion, and did not contain a plain and concise statement of the pleader's cause of action. The complaint against Frank Thornber Company was also dismissed. The court granted plaintiff leave to file an amended complaint, but plaintiff elected to stand on the pleadings as submitted. We reverse as to the dismissal of count I and affirm the ruling of the circuit court regarding counts II and III.

Section 33(1) of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 33(1)) requires that pleadings shall contain a plain and concise statement of the cause of action advanced. In his lucid and comprehensive opinion in *Kita v. YMCA* (1964), 47 Ill. App. 2d 409, 198 N.E.2d 174, Mr. Justice McCormick examined the standard by which we determine whether a cause of action has been sufficiently stated. He notes the impossibility of formulating any simple methodology. But it is clear that certain considerations are paramount. A flexible standard is to be applied to the language of the pleading, since we are admonished by the

Civil Practice Act that all pleadings are to be liberally construed with the aim of avoiding the procedural rigidities of former times. The ultimate measure is one which facilitates the doing of substantial justice between the parties involved. (Ill. Rev. Stat. 1977, ch. 110, par. 33(3); *Adams v. J. I. Case Co.* (1970), 125 Ill. App. 2d 388, 261 N.E.2d 1; *Consolidated Construction Co. v. Great Lakes Plumbing & Heating Co.* (1967), 90 Ill. App. 2d 196, 234 N.E.2d 378; *Kita v. YMCA; Church v. Adler* (1953), 350 Ill. App. 471, 113 N.E.2d 327.) In addition, no pleading is to be considered bad in substance where it is composed of intelligible allegations and information which reasonably inform the opposite party of the nature of the claim he is expected to counter. Ill. Rev. Stat. 1977, ch. 110, par. 42(2); *Adams v. J. I. Case Co.; Consolidated Construction Co., Inc. v. Great Lakes Plumbing & Heating Co.; Kita v. YMCA.*

■■ Whatever his fate may be on the merits (for at this stage of the proceedings it is neither our province nor purpose to be so concerned, but rather that of the trial court upon remand), appellant has complied with the statutory pleading requirements for count I. It was intended to present a claim for the tort of false imprisonment arising out of an alleged illegal arrest. This wrong consists of the unlawful and involuntary restraint of an individual's personal liberty or freedom of movement. (*Shelton v. Barry* (1946), 328 Ill. App. 497, 66 N.E.2d 697.) For the sake of clarity, we set out the pertinent paragraphs of count I below, noting that paragraph 1 alleges that the defendant was deputy sheriff of Massac County, acting under color of law at the time in question, and that paragraph 2 identifies the plaintiff, stating that he was driving near Metropolis, Illinois, when arrested.

"4. At the time Defendant arrested Plaintiff the Defendant had no warrant commanding that Plaintiff be arrested, Defendant had no reasonable grounds to believe that a warrant for Plaintiff's arrest had been issued, and, Defendant had no reasonable grounds to believe that Plaintiff was committing or had committed an offense which would justify or make reasonable this arrest.

5. Injury and damage directly resulting from and proximately caused by the Defendant's misconduct aforesaid include that the Plaintiff was subjected to a deprivation of his liberty and right to use and enjoy the highways of Illinois for a considerable number of hours; Plaintiff was subjected to an unreasonable jailing undue even in the event Plaintiff was later held to answer an accusation in the Circuit Court said jailing being in the Massac County Jail without judicially issued warrant or committment [*sic*] to justify Plaintiff's [*sic*] being received as a prisoner; Plaintiff was subjected to a deprivation of his right to use and enjoy $95.00 of a $100.00 deposit of bail security made by Plainitff [*sic*] at about 9:00 A.M.

on 8/12/78 to obtain Plainitff's [*sic*] release from Massac County Jail confinement."

There can be no doubt that the pleader has rendered an intelligible statement of the theory of his claim. He has set forth a sufficient body of ultimate fact such that both the defense and the court may be fully apprised of the cause which he intends to attempt to prove. While the plaintiff's pleadings may in certain instances be less than artful, surely he has stated in count I the necessary elements with sufficient particularity to survive a motion to dismiss.

We cannot agree with our dissenting brother when he asserts that no facts are furnished to support what he deems to be the purely conclusory statement that the defendant arrested plaintiff without "reasonable grounds to believe that plaintiff was committing or had committed an offense which would justify or make reasonable this arrest." While the terms "reasonable cause" and "reasonable grounds to believe" are often used in legal practice as terms of art which serve to denote legal conclusions, it would be unfortunate indeed to forget that such legal conclusions themselves are composed of ultimate facts. It is an assertion of fact here, based on circumstances which the plaintiff is attempting to get into court to prove, that no facts existed upon which the defendant could reasonably base an arrest. The plaintiff in his pleading alleges that no facts existed *qua* fact. Our brother would have him plead proof of a negative.

Nor do we agree that the language of count II, which discloses that plaintiff was thereafter accused of possession of a controlled substance, negates the assertions of fact which have been referred to. The charge of possession was merely an allegation, itself subject to proof, and if warranted the trial court may so determine. The pertinent paragraph of count II states only that:

> "3. Defendant, with the intent to unjustifiably interfere with or subject Plaintiff to an unreasonable deprivation of Plaintiff's right aforesaid, brought Plaintiff to the Massac County Jail as a custodially arrested person noticed only [*sic*] that he was accused or to be accused of misdemeanor possession of cannabis and Defendant then and there confining or causing the confinement of Plainitff [*sic*] as a prisoner or pre-trial detainee in the Massac County Jail."

Assuming, *arguendo*, that the allegations are inconsistent, it does not follow that these counts may not be pleaded together in the same complaint. The Civil Practice Act expressly allows a plaintiff to plead inconsistent factual allegations in separate counts in the alternative. (Ill. Rev. Stat. 1977, ch. 110, par. 43(2).) The sufficiency of each count in the ultimate resolution of a claim for relief is a separate legal question. The

basis of the rule is that trial proof will determine whether and upon which set of facts the plaintiff may be granted relief. Each count, in this aspect, stands alone, and an averment in one count is precluded from denying the validity of an averment in another. *McCormick v. Kopmann* (1959), 23 Ill. App. 2d 189, 161 N.E.2d 720.

■■ Count II states the same factual scenario as does count I, adding that plaintiff was "accused or to be accused of misdemeanor possession of cannabis * * *." It is alleged that the arrest in question violated the rights secured to the plaintiff by article I, section 7, of the Illinois Constitution of 1970, namely that:

> "No person shall be held to answer for a criminal offense unless on indictment of a grand jury, except in cases in which the punishment is by fine or by imprisonment other than in the penitentiary, in cases of impeachment, and in cases arising in the militia when in actual service in time of war or public danger. The General Assembly by law may abolish the grand jury or further limit its use.
>
> No person shall be held to answer for a crime punishable by death or by imprisonment in the penitentiary unless either the initial charge has been brought by indictment of a grand jury or the person has been given a prompt preliminary hearing to establish probable cause."

We find that count II was properly dismissed by the trial court. Plaintiff confuses the process of arrest which initiates physical custody with the important constitutional provisions cited which relate to the necessity of formal indictment either following or preceding arrest as the circumstances of each case determine. Count II fails to state a cause of action because the facts alleged do not present any apparent violation of article I, section 7. Plaintiff seems to infer that every arrest must be preceded by grand jury indictment or similar judicial process. The inference is fallacious.

■■ Count III alleges that the defendant printing company manufactured and distributed a product which was "in an unreasonably defectively dangerous to constitutionally secured liberty condition in that the printed words on the form did not meet and dangerously deviated from each and all of the separate and distinct purposes and scope of Notice to Appear, Summons and 'Form of Charge' process or statutes of the Sovereign State of Illinois. [*Sic.*]" The "product" referred to is a form denoted "Copy of Complaint & Summons—Violators Copy NON-TRAFFIC COMPLAINT AND NOTICE TO APPEAR." We find no reason for an extended discussion of the merits of this particular count, and hold that it fails to state a cause of action in products liability.

Accordingly, we affirm the judgment of the circuit court of Massac

County as to its dismissal of counts II and III, reverse as to its dismissal of count I, and remand for further proceedings consistent with this opinion.

Affirmed in part, reversed in part and remanded.

SPOMER, J., concurs.

Mr. PRESIDING JUSTICE JONES, dissenting:

I agree with the decision of the majority that Counts II and III of plaintiff's complaint do not state a cause of action and concur with that portion of their opinion which affirms the dismissal of those counts by the trial court. However, I disagree with the result the majority has reached regarding count I of plaintiff's complaint, and accordingly I respectfully dissent.

The trial court filed an order dismissing count I of plaintiff's complaint in which it expressly found that count I lacked sufficient facts to state a cause of action and that it was stated in terms of pure conclusion. In this finding I believe the trial court was correct.

The essential elements of a cause of action for false arrest or false imprisonment are that the plaintiff was restrained or arrested by defendant without his having reasonable grounds to believe an offense had been or was being committed by plaintiff. *Karow v. Student Inns, Inc.* (1976), 43 Ill. App. 3d 878, 357 N.E.2d 682; *Shelton v. Barry* (1946), 328 Ill. App. 497, 66 N.E.2d 697.

In paragraph 4 of count I plaintiff makes the conclusive assertion that defendant had no reasonable grounds to believe that plaintiff was committing or had committed an offense that would justify the arrest. Defendant then does an apparent complete turn around and in cavalier fashion in count II discloses that he was arrested by defendant for illegal possession of marijuana.

The allegations and factual disclosures of count II completely change the context of the conclusions of count I. Further facts were clearly called for since it was apparent on the face of the pleadings that the plaintiff might not be able to allege sufficient facts to state a cause of action against defendant for false arrest and/or false imprisonment. The majority states, quite correctly, that a complaint may allege inconsistent factual allegations. But plaintiff is not alleging inconsistent factual allegations. Count I alleges conclusions; count II alleges the facts which underlie those conclusions. The magic phrase, "without reasonable grounds," loses its magic. The trial court perceived the play on words being indulged by the plaintiff and called upon him to give further facts in his count I.

It is to be noted that in granting defendant's motion to dismiss counts I and II, the trial court granted plaintiff leave to file an amended

complaint. Plaintiff declined the leave to amend and elected to stand on his complaint as originally filed. Plaintiff's refusal can but cast further doubt upon his ability to state a good cause of action against defendant.

Illinois is not a "notice pleading" jurisdiction. The second sentence of section 33(1) of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 33(1)), unquoted by the majority, states that the common counts shall not be used. Section 31 of the Civil Practice Act speaks to the necessity of alleging facts in pleadings. It provides: "This section does not affect in any way the substantial averments of fact necessary to state any cause of action." A long line of cases has adhered to the rule that while pleadings are to be liberally construed, and formal or technical allegations are unnecessary, a complaint must nevertheless contain substantial averments of fact necessary to state a cause of action. See, *e.g.*, *Ritchey v. Maksin* (1978), 71 Ill. 2d 470, 376 N.E.2d 991; *Fanning v. LeMay* (1967), 38 Ill. 2d 209, 230 N.E.2d 182; *Tondre v. Pontiac School Dist.* (1975), 33 Ill. App. 3d 838, 342 N.E.2d 290; *Kita v. YMCA.*

A court may consider the ultimate efficacy of a claim in considering a motion to dismiss. (*Deasey v. City of Chicago* (1952), 412 Ill. 151, 105 N.E.2d 727; *Aebischer v. Zobrist* (1977), 56 Ill. App. 3d 151, 371 N.E.2d 1003.) And where the facts alleged in a complaint on their face demonstrate that the plaintiff would never be entitled to recover, that complaint is properly dismissed. *Winnett v. Winnett* (1974), 57 Ill. 2d 7, 310 N.E.2d 1; *Miller v. DeWitt* (1967), 37 Ill. 2d 273, 226 N.E.2d 630.

The majority made an allusion to the *Kita* case as authority for its result. I agree that *Kita* is indeed a cogent statement of the standards by which pleadings are to be tested. However, a quotation from that case, which is, in turn, an adopted quotation from *Church v. Adler* (1953), 350 Ill. App. 471, 113 N.E.2d 327, will show that the majority has misapplied *Kita* in order to sanction count I of plaintiff's complaint:

> " 'The Civil Practice Act does not authorize so-called notice pleading as plaintiff contends, nor does it require a strict pleading as is urged by defendant. A pleading must contain allegations of fact sufficient to state a cause of action. Burr v. State Bank of St. Charles, 344 Ill. App. 332; Stenwall v. Bergstrom, 398 Ill. 377. Verbosity and looseness of form are to be discouraged and in some cases may render the pleading fatally defective. Whether a cause of action is stated is to be judged with the admonitions of liberal construction and reasonable information in mind and the whole complaint must be considered, not merely disconnected parts. *Legal conclusions are to be disregarded.* Stenwall v. Bergstrom, supra; Heuer v. Davis, 336 Ill. App. 224.' " (Emphasis supplied.) 47 Ill. App. 2d 409, 420, 198 N.E.2d 174, 180.

How does one determine whether a complaint states a cause of

action? There are no fixed rules with a universal application. Illinois has adopted the approach of Professor McCaskill that "cause of action" has a meaning that may vary with the context in which it is considered. In *The Elusive Cause of Action* by Professor Oliver L. McCaskill, 4 U. of Chi. L. Rev. 281, 309-10 (1937), the author states:

> "[M]y purpose has been to discuss a few of the uses with sufficient completeness to show the futility of attempting a single comprehensive definition or description which will meet all problems. Although it might be desirable to limit the use of this term to one meaning, creating a new terminology to take care of the other usages, there is no general authority by which this can be done, and courts are reluctant to adopt a new terminology of their own volition. A better course would seem to be to classify the uses, attempting to bring into the foreground the nature of the problem in each case, and its relation to problems in other classes, so as to question the advisability of extending a use in one situation to another unless the problems are similar in kind. With such a process courts are familiar, and it may not be so difficult to obtain its more general adoption when the courts once realize that there are different meanings."

From *Van Dekerkhov v. City of Herrin* (1972), 51 Ill. 2d 374, 376, 282 N.E.2d 723, 725, we have the following:

> "As has been pointed out, the line between 'ultimate' facts and 'conclusions of law' is not easily drawn. (*Herman v. Prudence Mutual Casualty Co.* (1969), 41 Ill. 2d 468, 475.) The same allegation may in one context be deemed to be one of ultimate fact, while in another, '* * * where from a pragmatic viewpoint some of these words do not give sufficient information to an opponent of the character of evidence to be introduced or of the issues to be tried, they are held to be legal conclusions. What is law, what are facts, and what is evidence, for pleading purposes, can be determined only by a careful consideration of the practical task of administering a particular litigation.' McCaskill, Illinois Civil Practice Act Anno., p. 70 (1933)."

Thus it is that the meaning of the term "cause of action" will vary as it is considered in connection with a motion to dismiss under section 45 of the Civil Practice Act, or a motion in arrest of judgment (*cf.* section 46 of the Civil Practice Act), or joinder and severance of parties or amendments of pleadings, especially after a statute of limitations has run, and so on.

Does count I of plaintiff's complaint state a cause of action? The context in which the question is considered is that count I contains no expression regarding the nature of plaintiff's claim against defendant, but it seems to be for either false arrest or false imprisonment, or both. The

key allegation is the conclusion that defendant arrested plaintiff without reasonable grounds to believe that plaintiff was committing or had committed an offense. No facts were furnished, ultimate or otherwise. In the following count of the same pleading against the same defendant plaintiff acknowledged that he was arrested by defendant for illegal possession of marijuana. Defendant filed a motion to dismiss count I pursuant to section 45 of the Civil Practice Act for the reason that it failed to allege sufficient facts to state a cause of action. The court granted the motion and dismissed count I but granted plaintiff leave to amend. The plaintiff refused to amend and elected to stand on count I as filed.

It is obvious on the face of the pleadings that count I does not state sufficient facts to allege a cause of action against defendant Sanders. It is also obvious, under the circumstances presented by the pleadings in this case, the plaintiff will never be able to allege sufficient facts to state a cause of action against defendant Sanders for either false arrest or false imprisonment. The reason is that, as plaintiff himself has shown, defendant did have probable cause to arrest and imprison plaintiff.

The trial court was correct in dismissing count I. The action of the majority now calls up for trial a case that is entirely specious on its face. It is a waste of time and money for the matter to be addressed by judge, jury, bailiffs, etc. Defendant, a deputy sheriff, is sure to incur considerable expense and have his reputation as a police officer impugned. If plaintiff truly had a cause of action against Sanders, he could have had his day in court by the simple expedient of filing an amended count I.

The majority was properly concerned that pleadings should be construed so as to do substantial justice to the parties involved. Would that they had adhered to their maxim. In this case substantial justice was denied the defendant.

I would affirm as to count I.