EDWARD KRISTENSEN *et al.*, Plaintiffs-Appellants, *v.* GERHARDT F. MEYNE CO. *et al.*, Defendants-Appellees.

First District (1st Division)    No. 80-2323

Opinion filed March 15, 1982.

Saul R. Leibowitz, of Reilly, Sentman, Woolley & Leibowitz, and John C. Sands, both of Chicago, for appellants.

C. Roy Peterson and Hugh C. Griffin, both of Lord, Bissell & Brook, Marvin Riman, of Sweeney & Riman, Ltd., and Kevin T. Martin, William J. Rogers, and Ruth E. VanDemark, all of Wildman, Harrold, Allen & Dixon, all of Chicago, for appellees.

JUSTICE McGLOON delivered the opinion of the court:

Edward Kristensen and Fred Gorr (plaintiffs) brought an action under the Structural Work Act against R.A. Martin Co., Inc. (R.A. Martin). R.A. Martin raised as an affirmative defense that plaintiffs were general employees of R.A. Martin or, in the alternative, that they were special or loaned employees of R.A. Martin.

At the jury instructions conference, R.A. Martin requested and was granted leave to submit to the jury special interrogatories to determine the employment status of plaintiffs. In its answer to the interrogatories, the jury found that plaintiffs were not R.A. Martin employees. It did, however, find that plaintiffs were special or loaned employees of R.A. Martin at the time of their accident. The jury then returned a general verdict in favor of plaintiffs and against R.A. Martin. Because the Workers' Compensation Act immunes a borrowing employer from liability resulting from any common law or statutory suit brought by a borrowed employee, the trial judge refused to enter judgment on the general verdict for plaintiffs. Rather, it entered judgment in favor of R.A. Martin. Plaintiffs now appeal.

On appeal, plaintiffs argue that: (1) the trial court erred in refusing to enter judgment on the general verdict for plaintiffs and against R.A. Martin; and (2) their original amended complaints should not have been allowed into evidence.

We affirm.

Western Heating and Air Conditioning Co., Inc. (Western Heating), is a residential heating and air conditioning company. R.A. Martin Co.,

Inc. (R.A. Martin), is a commercial ventilation business. The two companies share a facility in Maywood, Illinois. They have common ownership and a common set of officers and directors and the same controller. Each has its own employees and its own job superintendent.

At trial, plaintiff Edward Kristensen frequently and persistently testified that he was hired by Western Heating and had worked there for seven years. At the same time, he stated that, except for one month, his seven years as a Western Heating employee were spent doing commercial installations. With the exception of the one month he spent doing residential work, all of his work was supervised by Roy Hart, the R.A. Martin superintendent. As Kristensen's supervisor, Hart had the authority to fire him.

Fred Gorr was hired by Western Heating in the 1950's to do residential installation. During his 26 years at Western Heating, Gorr did only residential work. Gorr was supervised by Joseph Kraft, a Western Heating supervisor.

On January 15, 1975, Kristensen reported, as he normally did, to Roy Hart. Hart instructed Kristensen to go to the Village of Bartlett waste water treatment facility. Bartlett was a large commercial job on which Kristensen had worked 15 or 20 times in the previous six-month period.

On the same morning, Gorr reported to his supervisor, Kraft. Kraft informed Gorr that he had no work for him that day. Gorr was given the option of reporting to Roy Hart to see if there was any commercial work available. Gorr reported to Hart and was sent to the Bartlett facility with Kristensen. Their assignment was to install a 40-pound bypass damper in a heating duct.

In order to install the damper, it was necessary for Kristensen and Gorr to erect a scaffold. Normally, four planks form the floor of the scaffold. It was impossible for the men to station the scaffold against the wall because there was piping in the way, so they placed two of the four planks on a higher rung. They placed the 40-pound damper on the planks on which they stood. Suddenly, one of the planks gave way and both men fell to the concrete floor. Both sustained serious injuries.

Kristensen and Gorr filed complaints against R.A. Martin, Western Heating, Gerhardt F. Meyne Co. (general contractor of the Bartlett job), and A.J. Lowe & Sons, Inc. (subcontractor of the sheet metal job at the Bartlett plant).

At the jury instructions conference, R.A. Martin requested and was granted leave to submit special interrogatories to the jury for the purpose of determining the employment status of plaintiffs. In answer to the special interrogatories, the jury found that Kristensen and Gorr were not R.A. Martin employees. It did, however, find that they were loaned employees of R.A. Martin at the time of the accident.

The jury returned a verdict in favor of Kristensen and against R.A. Martin in the amount of $105,000 and for defendant Gerdardt F. Meyne Co. and A.J. Lowe & Sons, Inc., and against Kristensen. The jury also returned a verdict in favor of Fred Gorr and against R.A. Martin in the amount of $140,000 and in favor of Gerhardt F. Meyne Co. and A.J. Lowe & Sons, Inc., and against Gorr.

Based on the jury's finding that R.A. Martin was a borrowing employer and, therefore, immune from liability under the Workers' Compensation Act, the trial court refused to enter judgment on the general verdict for plaintiffs and against R.A. Martin. Instead, it entered judgment in favor of all defendants, including R.A. Martin.

First, plaintiffs argue that the trial court erred in submitting four interrogatories to the jury. Initially, relying on *Albaugh v. Cooley* (1980), 88 Ill. App. 3d 320, 410 N.E.2d 873, plaintiffs contend that the use of special interrogatories as permitted by the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 65) constitutes a legislative usurpation of judicial functions. *Albaugh* recently was overruled by the Illinois Supreme Court. (*Albaugh v. Cooley* (1981), 87 Ill. 2d 241, 429 N.E.2d 837.) As a result, we need not further consider the question of the constitutionality of section 65.

Alternatively, plaintiffs argue that the trial court should have allowed the general verdict in their favor to stand because the special interrogatories were ambiguous and because the jury's answers to the second two interrogatories conflicted with its answers to the first two interrogatories. The first two special interrogatories asked:

"Was the plaintiff, Fred Gorr, an employee of the defendant, R.A. Martin Co., Inc. at the time of the occurrence?" and

"Was the plaintiff, Edward Kristensen, an employee of the defendant, R.A. Martin Co., Inc. at the time of the occurrence?"

The second two special interrogatories asked:

"Was the plaintiff, Fred Gorr, at the time of the occurrence, wholly subject to the control and direction of defendant R.A. Martin Co., Inc., and free during such time from the direction and control of third party defendant, Western Heating and Air Conditioning Co., Inc.?" and

"Was the plaintiff, Edward Kristensen, at the time of the occurrence, wholly subject to the control and direction of defendant, R.A. Martin Co., Inc., and free during such time from the direction and control of third party defendant, Western Heating and Air Conditioning Co., Inc.?"

The jury answered the first two special interrogatories in the negative. The second two were answered in the affirmative.

R.A. Martin's obvious intent in submitting the special interrogatories to the jury was to determine whether plaintiffs were general or loaned employees of R.A. Martin at the time of their accident. The distinction is extremely important. Under section 1(a)(4) of the Workers' Compensation Act, both an employer which loans an employee to another and the borrowing employer are jointly and severally liable to the borrowed employee for any compensable injury sustained by the borrowed employee. (See Ill. Rev. Stat. 1979, ch. 48, par. 138.1(a)(4).) Because of their joint and several liability, both the loaning employer and the borrowing employer are immune from liability resulting from any common law or statutory suit instituted by a borrowed employee. See Ill. Rev. Stat. 1979, ch. 48, par. 138.5(a).

■■ Plaintiffs contend that the jury's finding that plaintiffs were not employees of R.A. Martin was inconsistent with its finding that they were subject to the control and direction of R.A. Martin. This contention ignores the distinction between a general and a loaned employee. Illinois courts have recognized that an employee in the general employment of one person may be loaned to another for the performance of special work and become the employee of the person to whom he is loaned while performing the special service. (*A.J. Johnson Paving Co. v. Industrial Com.* (1980), 82 Ill. 2d 341, 346-47, 412 N.E.2d 477, citing *Saldana v. Wirtz Cartage Co.* (1978), 74 Ill. 2d 379, 385 N.E.2d 664.) The critical inquiry in determining whether one is a general or loaned employee is whether or not the employee becomes wholly subject to the control and direction of the second employer and free from the control of the original employer. *Mosley v. Northwestern Steel & Wire Co.* (1979), 76 Ill. App. 3d 710, 719, 394 N.E.2d 1230.

■■ In the present action, it is undisputed that plaintiffs were general employees of either R.A. Martin or Western Heating. If they were not employees of R.A. Martin, they were of necessity general employees of Western Heating. The first two special interrogatories asked the jury whether plaintiffs were employees of R.A. Martin. The jury answered "No." The second two interrogatories presupposed that plaintiffs were general employees of Western Heating. By asking the jury if "at the time of the occurrence" the plaintiffs were "wholly subject to the control and direction of R.A. Martin, and free during such time from the control and direction of third party defendant Western Heating," R.A. Martin was asking the jury if at the time of the accident plaintiffs were loaned employees. The jury answered "Yes." Although we do agree with plaintiffs that the special interrogatories could have been more clearly stated, we find the jury's answers to the two sets of interrogatories were consistent. As loaned employees, plaintiffs were under the control and direction of

R.A. Martin when the accident occurred. As general employees of Western Heating, they were free from the control and direction of their general employer at the time of the accident.

■■ The jury's finding that plaintiffs were loaned employees of R.A. Martin at the time of the occurrence was inconsistent with its general verdict in plaintiffs' favor. Section 65 of the Civil Practice Act provides that "[w]hen the special finding of fact is inconsistent with the general verdict, the former controls the latter and the court may render judgment accordingly." (Ill. Rev. Stat. 1979, ch. 110, par. 65.) A jury's answer to a special interrogatory should not be disturbed unless it is against the manifest weight of the evidence and an opposite conclusion is clearly evident. *Little v. Scheu* (1968), 99 Ill. App. 2d 421, 430, 241 N.E.2d 702.

In the case of Fred Gorr, there was no evidence that he was anything other than a general employee of Western Heating. He was hired by Western Heating to do residential work. He was paid by Western. His supervisor was the Western Heating superintendent, Joseph Kraft. Clearly, he was a general employee of Western Heating. Less supported by the evidence is the jury's finding that Edward Kristensen was a general employee of Western Heating. The evidence shows that he did primarily commercial work and that his supervisor was the R.A. Martin superintendent, Roy Hart. Kristensen testified, however, that he was hired by Western, worked for Western, was employed at Western on January 15, 1975, reported to work at the shop of Western and was under the ultimate supervision of the president of Western. Based on Kristensen's own testimony, we conclude that the jury's finding that he was a general employee of Western Heating was not against the manifest weight of the evidence.

Additionally, the jury's explicit finding that both plaintiffs were loaned employees, wholly under the direction and control of R.A. Martin and free from the direction and control of Western Heating on the day of the accident, is fully supported by the evidence. The Bartlett job was unquestionably an R.A. Martin job. Kristensen testified "I was an employee of Western Heating working on a R.A. Martin job." Since the jury's answers to the interrogatories were consistent with each other and not against the manifest weight of the evidence, the trial court properly refused to enter judgment on the general verdict in plaintiffs' favor.

Further, plaintiffs argue that since they filed a third amended complaint, their original complaints and pleadings were no longer part of the record and, therefore, should not have been admitted into evidence. In their original complaints, plaintiffs alleged that they were employed by R.A. Martin on the date of the accident. In their third amended complaints, they alleged that they were employed by Western Heating on that date.

■■ Under Illinois law, prior pleadings cannot be used to test the suffi-

ciency of the subsequent pleadings unless they are specifically adopted or referred to in a later pleadings. (*Bowman v. County of Lake* (1963), 29 Ill. 2d 268, 272, 193 N.E.2d 833; *Consolidated Construction Co. v. Great Lakes Plumbing & Heating Co.* (1967), 90 Ill. App. 2d 196, 203-04, 234 N.E.2d 378.) Although they may not be used to determine the sufficiency of a subsequent pleading, they may be admitted at trial as admissions against interest. (*Texas Eastern Transmission Corp. v. McCrate* (1979), 76 Ill. App. 3d 828, 833, 395 N.E.2d 624; *Kleb v. Wendling* (1978), 67 Ill. App. 3d 1016, 1018, 385 N.E.2d 346.) In the present case plaintiffs' original amended complaints were presented not to test the sufficiency of their third amended complaint, but as admissions against interest.

Plaintiffs have appealed from all judgments entered against them. Their brief presents no argument pertaining to the jury verdicts and judgments against defendants Gerhardt F. Meyne Co. or A.J. Lowe & Sons, Inc. Therefore, we affirm the judgments in favor of these defendants.

For the foregoing reasons, we affirm the judgments of the circuit court of Cook County.

Judgments affirmed.

CAMPBELL, P. J., and GOLDBERG, J., concur.